## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MOHAMED ELSADIG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-2055-L** |
| | § | |
| **LUXOTTICA RETAIL NORTH** | § | |
| **AMERICA, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Defendant's Motion to Dismiss or in the Alternative, to Stay Proceedings and Compel Arbitration, filed October 6, 2016.  On November 18, 2016, the court referred the motion to the Honorable United States Magistrate Judge Irma Carrillo Ramirez for hearing, if necessary, and for the United States Magistrate Judge to submit to the court proposed findings and recommendations for disposition of the motion.  The magistrate judge filed her Findings, Conclusions, and Recommendation ("Report") on July 10, 2017, recommending that the motion should be granted, that the action be dismissed with prejudice and the parties be compelled to arbitrate.  No objections were filed to the Report.

The court, after considering the Report, record, and applicable law, **concludes** that findings and conclusions of the magistrate judge are correct, and they are accepted as those of the court.

The Federal Arbitration Act ("FAA") provides for a stay pending arbitration.  9 U.S.C. § 3.  A court, however, may dismiss the action with prejudice, rather than stay it, when all claims are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the

district court must be submitted to arbitration.") (citations omitted).  This is so because "[a]ny postarbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits by the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Id* (citation omitted).  The court has reviewed the 2006 and 2011 Agreements, and all claims asserted in Plaintiff's Complaint, filed July 15, 2016, are subject to arbitration.  Having determined that all of the issues raised by the parties must be submitted to binding arbitration, and finding no other reason to retain jurisdiction over this matter, the court, rather than stay and abate this action, will **dismisses it with prejudice**. *Id*.

Accordingly, for the reasons herein stated, the court **grants Defendant's** Motion to Compel Arbitration, **denies** the Motion to Stay Proceedings, **orders** the parties to arbitrate this action in accordance with the terms and provisions of the 2006 and 2011 Agreements, and **dismisses** this action **with prejudice**.

**It is so ordered** this 31st day of July, 2017.

Sam A. Lindsay
United States District Judge

**Order – Page 2**